UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IVAN WARE & SON, INC.,                                                                 Plaintiff

v.                                                                  Case No. 3:10-cv-484-CRS-CHL

DELTA ALIRAQ, INC.
AND
KAIS ALMARZOUK, et al.,                                                             Defendants

Report and Recommendation

I.     Introduction

Ivan Ware & Son, Inc., d/b/a Ware, Inc. ("Ware") moves for sanctions against David Weisman, Delta Alpha X-Ray LLC ("Delta Alpha X-Ray"), Davro LLC ("Davro") (together, the "Weisman Defendants") and Armando Dupont.  Pl.'s Mot. 1 (DN 109).[1]  Ware asks the Court to strike their answers and render a default judgment.  *Id.*

For the reasons below, the undersigned recommends that the Court grant in part and deny in part the motion for sanctions.  The undersigned recommends that the Court strike the Weisman Defendants' answers and render default judgment against them.[2]  The undersigned further recommends that the Court award to Ware a monetary sanction against Dupont.

II.    Findings of fact

Ware filed this lawsuit in July 2010.  Compl. 1 (DN 1).  In February 2014, the Court granted Ware's motion for leave to file a second amended complaint, which added the Weisman Defendants and Dupont as defendants.  Order Feb. 12, 2014 (DN 58); 2nd Am. Compl. (DN 59).

---

[1] Ware has not moved for sanctions against the other named defendants, Delta Aliraq, Inc. and Kais Almarzouk.  Pl.'s Mot 1; Pl.'s Mem. Supp. 1; Pl.'s Proposed Order 1.

[2] The undersigned presents this report and recommendation because the remedy Ware seeks, rendering a default judgment, is similar to an involuntary dismissal.  *See* 28 U.S.C. § 636(b)(1)(A) & (C).

Dupont timely answered the second amended complaint. Dupont Answer (DN 64). In June 2014, the Weisman Defendants were served with the second amended complaint. Summons Returned Exec. (DNs 67, 69, 72). The Weisman Defendants did not answer. Ware moved for entry of default against the Weisman Defendants. Pl.'s Mot. & Aff. (DN 76). On November 17, 2014, the Weisman Defendants filed answers to the second amended complaint. Defs.' Answers (DNs 77 – 79). Ware withdrew the motion for entry of default. Order Nov. 21, 2014 (DN 83). The Court amended the discovery schedule according to the agreed order signed by all parties, including the Weisman Defendants. Order Dec. 16, 2014 (DN 85).

In March 2015, Ballard Rogers moved to withdraw as the Weisman Defendants' attorney. Mot. Withdraw (DN 86). The Court denied that motion without prejudice for failure to comply with the local rule. Order May 7, 2015 (DN 90). Rogers renewed his motion. Am. Mot. Withdraw (DN 91). In support of his renewed motion to withdraw, Rogers said that David Weisman, the principal of the three Weisman Defendants, had emailed him saying that he could not continue paying for his representation. *Id.* The Court granted the motion to withdraw. Mem. Op. & Order May 26, 2015 (DN 92).

The Court also granted Rogers's request that the Weisman Defendants be given forty-five days from the entry of the order to obtain new counsel. *Id.* The Court stayed all deadlines until either July 6, 2015, or until an attorney entered an appearance for the Weisman Defendants, whichever came first. *Id.* No attorney entered an appearance for the Weisman Defendants.

The Court found that the Weisman Defendants "violated the Court's order of May 26, 2015 by failing to retain new counsel." Order Jul. 10, 2015 (DN 93). The Court reminded the Weisman Defendants that Delta Alpha X-Ray and Davro may not appear *pro se*. *Id.* (citing *Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011)). The Court noted its concern that the

2

Weisman Defendants had not given notice as to how they could be reached following Rogers's withdrawal. *Id.* The Court cautioned the Weisman Defendants "that failure to comply with Court Orders may result in sanctions, monetary or otherwise." *Id.*

The Court ordered Rogers to serve the Weisman Defendants with the July 10, 2015 order. *Id.* The Court again ordered the Weisman Defendants to have an attorney enter an appearance on their behalf. *Id.* The Court also ordered David Weisman to file a notice if he intended to proceed *pro se* in his individual capacity. *Id.* Rogers certified that he forwarded the Court's July 10, 2015 order to David Weisman's last known email address. Certificate (DN 94). No attorney entered an appearance on behalf of the Weisman Defendants.

The Court ordered all parties to participate in a telephonic status conference. Order Aug. 21, 2015 (DN 96). The Court noted that the Weisman Defendants "failed to comply with two previous Orders requiring that they obtain new counsel." *Id.* Again, the Court cautioned the Weisman Defendants that "failure to comply with Court Orders may result in sanctions." *Id.* The Weisman Defendants did not participate in the telephonic status conference. Rep. TSC Sept. 22, 2015 (DN 98).

The Court scheduled a settlement conference. Order Nov. 10, 2015 (DN 99). The Court's settlement conference order said, "At the conference, counsel who will actually try the case and each party, armed with full settlement discretion, shall be present." *Id.* The Court again warned that "[f]ailure to comply with any provision of this order, including the addendum, may lead to the award of sanctions, including but not limited to an award of costs, attorneys' fees and travel expenses." *Id.* The addendum said,

> 1. <u>Who must come</u>? The most frequent problem in a settlement conference is the failure of a party to attend through a principal. To be perfectly plain: <u>you must bring a fully authorized client representative to the settlement conference</u>. No lawyer, no matter how knowledgeable about the case and skillful in

3

> negotiation, is a substitute for a live client. Having the client available by telephone is not acceptable. The client must be personally present in the settlement conference.

*Id.* at 3 (emphasis in original).

On March 15, 2016, the undersigned held a settlement conference. Sett. Rep. (DN 107). The Weisman Defendants did not appear for the settlement conference. *Id.* Dupont, an individual, also did not appear at the settlement conference; his counsel, who also represents Delta Aliraq and Kais Almarzouk, did appear. *Id.* The parties who appeared did not reach an agreement. *Id.*

Following the settlement conference, Ware moved for sanctions against the Weisman Defendants and Dupont. To date, no attorney has entered an appearance for the Weisman Defendants, nor have the Weisman Defendants responded to the motion for sanctions. Dupont, on the other hand, did oppose Ware's motion for sanctions.

    III.    <u>Conclusions of law and recommendation as to the Weisman Defendants</u>

        A.  <u>Procedural standard</u>

Under Rule 16, the Court may sanction a party or its attorney for failing to appear at a scheduling or pretrial conference, including a settlement conference; being substantially unprepared to participate; or failing to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f). Potential sanctions under Rule 16 include:

1. prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
2. striking pleadings in whole or in part;
3. staying further proceedings until the order is obeyed;
4. dismissing the action or proceeding in whole or in part;
5. rendering a default judgment against the disobedient party; or
6. treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 16(f)(1) (cross-referencing available sanctions under Rule 37(b)(2)(A)(ii) – (vii)). "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

B. <u>Conclusions as to the Weisman Defendants</u>

Ware asks the Court to impose the following sanctions against the Weisman Defendants: striking their answers and rendering default judgment against them. The Weisman Defendants did not respond to Ware's motion for sanctions.

"Failure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c).

The undersigned concludes that the Weisman Defendants' failure to respond to the motion for sanctions is sufficient grounds for the district court to grant the motion for sanctions.

The Weisman Defendants failed to appear at the following pretrial conferences:

- September 22, 2015 telephonic status conference (DN 98)
- March 15, 2016 settlement conference (DN 107).

The Weisman Defendants failed to obey the following pretrial orders:

- May 26, 2015 Order requiring the Weisman Defendants' new attorney to enter an appearance and staying deadlines until July 6, 2015 (DN 92)
- July 10, 2015 Order requiring the Weisman Defendants' new attorney to enter an appearance no later than July 24, 2015 (DN 93)
- August 21, 2015 Order requiring all parties to participate in telephonic status conference (DN 96)
- November 10, 2015 Order for settlement conference requiring all parties to bring trial counsel and a client with full settlement authority (DN 99).

5

The undersigned further concludes that the Weisman Defendants' failure to appear at two pretrial conferences and failure to obey four pretrial orders are sufficient grounds for the Court to grant the motion for sanctions. The undersigned also concludes that these violations justify striking the Weisman Defendants' answers and rendering default judgment against them. *See* Fed. R. Civ. P. 16(f)(1); *id.* at 37(b)(2)(A)(iii) & (vi). Having concluded that striking the Weisman Defendants' pleadings and rendering default judgment are the proper sanctions under Rule 16, the undersigned need not discuss whether the sanctions are appropriate under the Court's inherent authority. *See* discussion *infra* Part IV(A).

The sanction of default is particularly harsh. *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 846 (6th Cir. 1983). The Court should not impose such a harsh sanction lightly. *Brown v. Sneed*, 2011 WL 3567469 (E.D. Ky. 2011); *Rishell v. Standard Life Ins. Co.*, 2009 WL 395884 (W.D. Mich. 2009).

The undersigned does not recommend this sanction lightly. The undersigned considered the other sanctions available for Rule 16 violations: prohibiting the Weisman Defendants from supporting or opposing designated claims or defenses; staying further proceedings until the Weisman Defendants obeyed the Court's orders; or treating the Weisman Defendants' failure to obey as a contempt of court. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) – (vii). Those sanctions would be appropriate only for litigants actively participating in litigation. Dismissing the action would actually reward their non-participation. *See id*.

Rather, the undersigned recommends this harsh sanction because the Weisman Defendants have left the Court with no real choice. The last time David Weisman did anything

6

in this lawsuit was in early 2015[3] when he told his attorney that he did not intend to continue paying for his representation. The Weisman Defendants' only post-answer filing was the agreed scheduling order entered in December 2014. Before that, the Weisman Defendants' only meaningful participation occurred when they filed answers in November 2014 in response to Ware's initial motion for default. To date, no attorney has entered an appearance on their behalf. They have not notified the Court as to their current mailing address(es). They have not responded to the motion for sanctions. For all practical purposes, they are already in default.

If the Court adopts this recommendation and strikes the Weisman Defendants' pleadings and renders default judgment against them, additionally awarding Ware its reasonable expenses and attorney's fees incurred as a result of the Weisman Defendants' noncompliance would be unjust. *See* Fed. R. Civ. P. 16(f)(2). If on the other hand the Court declines to enter default against the Weisman Defendants, the undersigned recommends that the Court award Ware its reasonable expenses and attorney's fees incurred as a result of the Weisman Defendants' noncompliance.

The undersigned further concludes that the Weisman Defendants were on notice of the potential for sanctions, including the potential rendering of default judgment, in this matter. First, the Weisman Defendants were served with the second amended complaint in June 2014, and they filed answers to the second amended complaint in November 2014. Second, after withdrawing as the Weisman Defendants' attorney, Rogers certified that he served the Court's July 10 order to the Weisman Defendants' last known email address, the only contact information he had available. Third, counsel for Ivan Ware certified that she served the motion

---

[3] Rogers' first and second motions to withdraw did not date this conversation, but the Court assumes it happened between when the parties tendered the agreed scheduling order in late December 2014 and when Rogers filed the first motion to withdraw in late March 2015.

7

for sanctions and its supporting documents to the Weisman Defendants' last known email address.  Mem. Supp. 11 (DN 109-5).  Fourth, the Court reminded the Weisman Defendants—in writing—of the potential for sanctions for violating court orders at least three times.

Even if the Weisman Defendants had argued that they lacked notice of the potential for sanctions after their attorney withdrew, lack of notice cannot excuse the Weisman Defendants' non-participation in this matter.

The Court's case management system lists David Weisman as *pro se*.  Following Mr. Rogers's withdrawal, David Weisman, as a *pro se* litigant, had "an affirmative duty to supply the court with notice of any and all changes in [his] address." *Barber v. Runyon*, 23 F.3d 406 (6th Cir. 1994) (unpublished table decision).  Under local rule, "All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel.  Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or *other appropriate sanctions*."  LR 5.2(d) (emphasis added); *cf.*, *Spence v. Osborne*, 2008 WL 2622892 *1 (W.D. Ky. 2008) (dismissing *pro se* plaintiff's lawsuit for failure to prosecute when the plaintiff did not notify the court of an address change or where to serve notices).  To date, David Weisman continues to violate this Court's order to have an attorney enter an appearance on his behalf or notify the Court of his intent to proceed *pro se*.

As the Court already reminded Davro and Delta Alpha X-Ray, Davro and Delta Alpha X-Ray, as limited liability companies, may not proceed *pro se*.  *Hooper-Hass v. Ziegler Holdings, LLC*, 690 F.3d 34, 39 n.3 (1st Cir. 2012); *United States v. Hagerman*, 545 F.3d 579, 581 – 82 (7th Cir. 2008); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007).  This is true even when the limited liability company has only one member.  *Hagerman*, 545 F.3d at 581; *Lattanzio*, 481

F.3d at 140.  To date, Davro and Delta Alpha X-Ray continue to violate this Court's order to have an attorney enter an appearance on their behalf.

    C.  Recommendation as to the Weisman Defendants

Altogether, the Weisman Defendants' nonparticipation in this matter—their failure to appear at pretrial conferences and their continued failure to obey court orders—justifies striking their answers and rendering default judgment against them.

For these reasons, the undersigned recommends that the Court grant Ware's motion for sanctions against the Weisman Defendants, strike the Weisman Defendants' answers, and render default judgment against them.

  IV.    Conclusions of law and recommendation as to Dupont

    A.  Discussion

The undersigned previously discussed the potential imposition of sanctions for failing to participate in a settlement conference.  *See* discussion *supra* Part III(A).  The Court may strike pleadings or render a default judgment against the disobedient party.  *Id.*

Under Rule 16, a district court does not abuse its authority in ordering a corporate representative to attend a settlement conference in person.  *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 655 (7th Cir. 1989) (en banc); *accord*, *In re Atlantic Pipe Corp.*, 304 F.3d 135, 143 (1st Cir. 2002); *U.S. v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856 (2nd Cir. 1998); *In Re Novak*, 932 F.2d 1397, 1407 (11th Cir. 1991); *see also*, *In re LaMarre*, 494 F.2d 753, 756 (6th Cir. 1974) (a district court does not abuse its discretion in compelling a claims manager to attend a pretrial conference); *but see*, *In re Stone*, 986 F.2d 898 903 (5th Cir. 1993) (holding that a district court abuses its discretion in invoking inherent authority to require attendance at settlement conference).

Then, if the appropriate person does not attend, a district court does not abuse its discretion in sanctioning a party for not attending. *Heileman*, 871 F.2d at 655 – 56 (the district court did not abuse its discretion in sanctioning a party for failing to send a corporate representative to settlement conference); *see also*, *In re LaMarre*, 494 F.2d at 756 (a district court may charge a claims manager with criminal contempt for refusing to obey order to attend pretrial conference).

In *Lockhart v. Patel*, the district court struck a defendant's pleadings and declared him in default following his insurance carrier's failure to send an appropriate representative to a settlement conference. 115 F.R.D. 44, 45 (E.D. Ky. 1987); *see also*, *Empire, Inc. v. Wal-Mart Stores, Inc.*, 188 F.R.D. 478 (E.D. Ky. 1999) (awarding the plaintiff attorney fees and sanctioning Wal-Mart for $5,071.00 for violating magistrate judge's settlement conference order requiring personal representative from Wal-Mart to attend).

In addition to Rule 16 sanctions, the Court has the inherent power to assess attorney fees as a sanction for "willful disobedience of a court order." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *see also*, *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1758 (2014); *Brown v. City of Upper Arlington*, 637 F.3d. 668, 671 (6th Cir. 2011). It is within the Court's discretion to sanction a party for willful disobedience of a court order. *Bergman v. United States*, 844 F.2d 353, 357 (6th Cir. 1988); *Holloway v. Howerdd*, 536 F.3d 690, 696 (6th Cir. 1976). The court does not need to hold a party in contempt before sanctioning for willful disobedience of a court order. *Bergman v. United States*, 844 F.2d 353, 357 (6th Cir. 1988).

B. <u>Conclusions as to Dupont</u>

Ware asks the Court to impose the following sanctions against Dupont: striking the Dupont's answer and rendering default judgment against Dupont. Dupont opposes sanctions.

10

Dupont admits that his failure to participate in the settlement conference in person, as required by the Court's settlement conference order, was an error. Def.'s Resp. Opp. Mot. Sanctions 1 (DN 111). Dupont's counsel, who also represents Delta Aliraq and Kais Almarzouk, appeared at the settlement conference on Dupont's behalf. Dupont argues that though his failure to personally attend was an error, Dupont had granted Almarzouk settlement authority, and therefore Dupont's interests were represented at the settlement conference. *Id.* at 4.

The undersigned finds that Dupont's failure to appear at the settlement conference in person violated the Court's settlement conference order requiring personal appearance of all parties. The settlement conference order and addendum made clear that *each party* must be present in person. Dupont is a party, and he did not comply with this provision.

The undersigned concludes that Dupont was on notice of the potential for sanctions in this matter because the Court's settlement conference order said, "Failure to comply with any provision of this order, including the addendum, may lead to the award of sanctions, including but not limited to an award of costs, attorneys' fees and travel expenses." Order 2 (DN 99). The undersigned further concludes that striking Dupont's pleadings and rendering default judgment would be a disproportionate sanction under Rule 16 for violating the Court's settlement conference order. *See* Fed. R. Civ. P. 16(f)(1). The undersigned also concludes that Dupont's failure to personally attend the settlement conference does not warrant the imposition of the other sanctions available under Rule 16. *See* Fed. R. Civ. P. 37(b)(2)(ii) – (vii).

The undersigned concludes that awarding Ware its reasonable expenses, including costs, attorney fees, and travel expenses, is inappropriate. *See* Fed. R. Civ. P. 16(f)(2). Ware argued that it was prejudiced because it had to attend a fruitless mediation. Pl.'s Mem. 6. Still, a practical difficulty remains in trying to delineate the percentage of the settlement conference that

was fruitless due to Dupont's failure to appear and the percentage that was unsuccessful due to the legitimate distance between the attending parties' respective positions. Rather than engaging in that practical difficulty, the undersigned concludes that imposing a $2,500.00 sanction on Dupont for failure to appear at the settlement conference is appropriate. This monetary sanction serves the importance purposes of providing a proportional punishment in this matter, solving the practical difficulty described above, and deterring future litigants from disobeying court orders. Having concluded that a monetary sanction under Rule 16 is appropriate, the undersigned need not discuss whether Dupont's failure to personally attend the settlement conference amounts to "willful disobedience of a court order" sufficient to invoke the Court's inherent power.

    C.   Recommendation as to Dupont

The undersigned recommends that the Court grant in part and deny in part Ware's motion for sanctions against Dupont. The undersigned further recommends that the Court order Dupont to pay a $2,500.00 sanction for failure to comply with the Court's settlement conference order. *See* Fed. R.Civ. P. 16(f)(2).

V.    Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, any party may serve and file specific written objections to these findings and recommendations. *Id.*; Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140

(1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections. Fed. R. Civ. P. 72(b)(2).

cc: Counsel of record

13