UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

IVAN WARE & SON, INC.,                                                          PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:10-CV-00484-CRS

DELTA ALIRAQ, INC.
AND
KAIS ALMARZOUK, et al.,                                                         DEFENDANTS

**MEMORANDUM OPINION**

I. Introduction

Ivan Ware & Son, Inc. ("Ware") moves for sanctions against David Weisman, Delta Alpha X-Ray LLC, Davro LLC (collectively, the "Weisman Defendants"), and Armando Dupont. Pl.'s Mot. Sanctions 1, ECF No. 109. As sanctions, Ware asks the Court to strike all of their answers and render a default judgment. *Id.* Dupont responded, ECF No. 111. Ware replied, ECF No. 112. The Weisman Defendants did not respond. Magistrate Judge Colin Lindsay issued a report and recommendation on the matter. R. & R., ECF No. 114. The magistrate judge recommends that this Court strike the Weisman Defendants' answers and render default judgment against them. *Id.* at 1. He further recommends that this Court award to Ware a monetary sanction against Dupont. *Id.* at 1. Dupont objects to the magistrate judge's report and recommendation. Obj., ECF No. 118. Ware responded, ECF No. 119. After careful consideration, the Court will adopt the report and recommendation and sanction the Weisman Defendants and Dupont as described below.

1

## II. Factual Background

Dupont does not object to the magistrate judge's factual findings. Obj. 1, ECF No. 118. After reviewing the record, the Court will adopt the factual account set forth in the report and recommendation. R. & R. 1–4, ECF No. 114. The Court will provide those facts from the report and recommendation necessary to understand this memorandum opinion.

Ware filed this lawsuit in July 2010. Compl. 1, ECF No. 1. In February 2014, the Court granted Ware's motion for leave to file a second amended complaint, which added the Weisman Defendants and Dupont as defendants. Feb. 12, 2014 Order, ECF No. 58; Second Am. Compl. 1, ECF No. 59. Dupont timely answered the second amended complaint. Dupont Answer, ECF No. 64.

In June 2014, the Weisman Defendants were served with the second amended complaint. Summons Ret. Exec., ECF Nos. 67, 68, 69. When the Weisman Defendants did not answer, Ware moved for entry of default against them. Pl.'s Mot. & Aff., ECF No. 76. The Weisman Defendants answered six days later. Defs.' Answers, ECF Nos. 77, 78, 79. Ware moved to withdraw its motion for entry of default. Mot. Withdraw, ECF No. 80. The Court granted Ware's motion to withdraw its motion for entry of default. Nov. 20, 2014 Order, ECF No. 82. All parties, including the Weisman Defendants, signed an agreed order amending the discovery schedule. Dec. 16, 2014 Agreed Order, ECF No. 85.

In March 2015, Attorney Ballard Rogers moved to withdraw as the Weisman Defendants' counsel. Mot. Withdraw, ECF No. 86. The Court denied the motion for failure to comply with Local Rule 83.6. May 7, 2015 Order, ECF No. 90. Attorney Rogers renewed his motion, stating that David Weisman, the principal of all three Weisman Defendants, had emailed him saying he could no longer pay for his representation. Renewed Mot. Withdraw, ECF No. 91.

The Court then granted Attorney Rogers' renewed motion to withdraw. May 26, 2015 Order, ECF No. 92.

In its order, the Court granted Attorney Rogers' request that the Weisman Defendants be given 45 days from the entry of the order to obtain new counsel. *Id.* at 4. The Court stayed all deadlines until either July 6, 2015, or until an attorney entered an appearance for the Weisman Defendants, whichever came first. *Id.* No new attorney entered an appearance on behalf of the Weisman Defendants.

On July 10, 2016, the Court found that the Weisman Defendants had "violated the Court's Order of May 26, 2015 by failing to retain new counsel." July 10, 2015 Order, ECF No. 93. The Court reminded the Weisman Defendants that "while David Weisman may represent himself in his individual capacity, corporate entities *may not* appear *pro se*." *Id.* at 1 (citing *Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011)). The Court noted its concern that the Weisman Defendants had not given notice as to how they could be reached following Attorney Rogers' withdrawal. *Id.* The Court cautioned the Weisman Defendants that "failure to comply with Court Orders may result in sanctions, monetary or otherwise." *Id.*

The Court again ordered the Weisman Defendants to have an attorney enter an appearance on their behalf. *Id.* at 2. The Court also ordered David Weisman to file a notice if he intended to proceed *pro se* in his individual capacity. *Id.* The Court ordered Attorney Rogers to serve the Weisman Defendants with the July 10, 2015 order. *Id.* Attorney Rogers certified that he forwarded the Court's order to David Weisman's last known email address. Certificate of Service, ECF No. 94. Still, no new attorney entered an appearance on behalf of the Weisman Defendants.

The Court ordered all parties to participate in a telephonic status conference. Aug. 21, 2015 Order, ECF No. 96. The Court noted that the Weisman Defendants "failed to comply with two previous Orders requiring that they obtain new counsel." *Id.* Again, the Court cautioned the Weisman Defendants that "failure to comply with Court Orders may result in sanctions." *Id.* The Weisman Defendants did not participate in the telephonic status conference. Report Sept. 22, 2015 TSC, ECF No. 98.

The Court scheduled a settlement conference. Nov. 10, 2015 Order, ECF No. 99. The Order stated, "At the conference, counsel who will actually try the case and each party, armed with full settlement discretion, shall be present." *Id.* at 2. The Court again warned that "[f]ailure to comply with any provision of this order, including the addendum, may lead to the award of sanctions, including but not limited to an award of costs, attorneys' fees and travel expenses." *Id.* The addendum read:

> 1. <u>Who must come</u>? The most frequent problem in a settlement conference is the failure of a party to attend through a principal. To be perfectly plain: <u>you must bring a fully authorized client representative to the settlement conference</u>. No lawyer, no matter how knowledgeable about the case and skillful in negotiation, is a substitute for a live client. Having the client available by telephone is <u>not acceptable</u>. The client must be personally present in the settlement conference.

*Id.* at 3.

On March 15, 2016, the magistrate judge held a settlement conference, which neither the Weisman Defendants nor Dupont attended. Settlement Report, ECF No. 107. Dupont's attorney, who also represents Delta Aliraq, Inc. and Kais Almarzouk, did appear. *Id.* The parties who appeared did not reach an agreement. *Id.* To date, no new attorney has entered an appearance for the Weisman Defendants.

    III.    <u>Legal Standard</u>

When reviewing a report and recommendation, this Court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). On review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court "cannot simply 'concur' in the magistrate's findings, but it must conduct its own review in order to adopt the recommendations." *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005) (citing *Massey v. City of Ferndale*, 7 F.3d 506, 510–11 (6th Cir. 1993)).

IV. Discussion

The Weisman Defendants did not object to the magistrate judge's conclusions of law and recommendation. Similarly, Dupont did not object to the magistrate judge's recommendation as it relates to the Weisman Defendants. After reviewing the record, the Court will adopt the report and recommendation of the magistrate judge as it relates to the Weisman Defendants. R. & R. 4–9, ECF No. 114. The Weisman Defendants have not appeared in this action since their attorney withdrew on May 26, 2015. *See* May 26, 2015 Order, ECF No. 92. They have failed to appear at two pretrial conferences. Report Sept. 22, 2015 TSC, ECF No. 98; Settlement Report, ECF No. 107. They have failed to obey four court orders. May 26, 2015 Order, ECF No. 92; July 10, 2015 Order, ECF No. 93; Aug. 21, 2015 Order, ECF No. 96; Nov. 10, 2015 Order, ECF No. 99. The Court will grant Ware's motion for sanctions as to the Weisman Defendants. The Court will strike the Weisman Defendants' answers and render a default judgment against them.

Ware asserts a claim for quantum meruit/unjust enrichment against David Weisman, as well as against Delta Aliraq, Inc. ("Delta"), Kais Almarzouk, and Dupont. Second Am. Verified Compl. 17, ECF No. 59. In its complaint, Ware asserts that "Principals [sic] of equity require

Delta, DuPont, Almarzouk, and Weisman to pay Ware an amount of money to be determined at trial." *Id.* ¶ 103. It asserts that "Delta, Almarzouk, DuPont, and Weisman are liable to Ware pursuant to the doctrines of quantum meruit and/or unjust enrichment in an amount not less than $1,371,500." *Id.* ¶ 104. Thus, it appears from the complaint that Ware's claims against David Weisman are intertwined with its claims against Defendants not affected by this memorandum opinion. Additionally, Ware asserts two counts for piercing the corporate veil against the Weisman Defendants. *Id.* at 20–21. Count V is asserted against Almarzouk, Dupont, and Weisman, and alleges that these Defendants "participated in an intentional scheme to deprive Delta of any assets . . . leaving Delta . . . unable to pay its liabilities to Ware." *Id.* ¶ 118. Count VI is asserted against Davro LLC and Delta Alpha X-Ray LLC, and alleges that Weisman controlled both limited liability companies and "relied on them both as means to embezzle money from Delta, and as repositories of embezzled funds." *Id.* ¶ 122. Thus, both Counts V and VI are asserted as a means to obtain damages from the Weisman Defendants for the liability of another Defendant not affected by this memorandum opinion. Therefore, because Ware's claims against the Weisman Defendants are intertwined with Ware's claims against the other Defendants in this case, the Court will reserve a determination of damages until the final disposition of this case.

Dupont objects to the magistrate judge's conclusions of law and recommendation as they relate to him. Ware asked this Court to strike Dupont's answer and render a default judgment against him. Pl.'s Mot. Sanctions 1, ECF No. 109. The magistrate judge found:

> Dupont's failure to appear at the settlement conference in person violated the Court's settlement conference order requiring personal appearance of all parties. The settlement conference order and addendum made clear that *each party* must be present in person. Dupont is a party, and he did not comply with this provision.

R. & R. 11, ECF No. 114. The magistrate judge also concluded that Dupont was on notice of the potential for sanctions because of clear language in the Court's settlement conference order. *Id.* However, the magistrate judge concluded that "striking Dupont's pleadings and rendering default judgment would be a disproportionate sanction under Rule 16 for violating the Court's settlement conference order." *Id.* The magistrate judge also found that "awarding Ware its reasonable expenses, including costs, attorney fees, and travel expenses, is inappropriate" because of the "practical difficulty . . . in trying to delineate the percentage of the settlement conference that was fruitless due to Dupont's failure to appear and the percentage that was unsuccessful due to the legitimate distance between the attending parties' respective positions." *Id.* at 11–12. Thus, the magistrate judge concluded that imposing a $2,500.00 sanction under Rule 16 for failure to appear at the settlement conference was appropriate in order to provide a proportional punishment and deter future litigants from disobeying court orders. *Id.* at 12.

Dupont asks that this Court decline to impose the $2,500.00 sanction against him. Obj. 5, ECF No. 118. Alternatively, Dupont asks that this Court either (1) "stay the determination of sanctions against Dupont until all dispositive motions have been adjudicated" or (2) order that the "monetary sanction be payable over a period of ten (10) monthly installments." *Id.* at 2. Dupont relies on two arguments in his objection: (1) a Rule 16(f) sanction against him is unwarranted because it is contrary to the precedent as applied in this matter, and (2) the sanction imposed "would be unjust due to the disproportionate consequence to Dupont in the broader context of the thin legal merit of the claims made against him." *Id.* at 2–3.

First, Dupont argues that cases relied upon by the magistrate judge can be distinguished from this case, and so the sanction against him is unwarranted. *Id.* at 3. Dupont argues that while *Lockhart v. Patel*, 115 F.R.D. 44 (E.D. Ky. 1987) "does establish the sanction authority of the

trial court on scheduling matters, there is a conflict among circuits as to the ability to sanction for a party's lack of appearance, especially when the party was represented by counsel that appeared." *Id.* (citing *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.* (Heileman I), 848 F.2d 1415 (7th Cir. 1988), *on reh'g en banc*, 871 F.2d 648 (7th Cir. 1989)). Dupont goes on to explain how *Heileman I* disagreed with *Lockhart*. *Id.* However, *Heileman I* was overruled on a rehearing en banc in *G. Heileman Brewing Co., Inc., v. Joseph Oat Corp.* (Heileman II), 871 F.2d 648 (7th Cir. 1989), a case upon which the magistrate judge relied in making his recommendation. *See* R. & R. 9–10, ECF No. 114.[1] Thus, while Dupont is correct that *Heileman I* disagrees with *Lockhart*, *Heileman I* is not good law, and should not be relied upon by this Court, even as persuasive authority.

Rather, the magistrate judge correctly synthesized the applicable law for this matter. Under Federal Rule of Civil Procedure 16(f), a court may sanction a party for failing to appear at a pretrial conference or failing to obey a pretrial order. Moreover, a court does not abuse its authority in ordering corporate representatives to appear for settlement conferences. *Heileman II*, 871 F.2d at 655; *see also In re Atlantic Pipe Corp.*, 304 F.3d 135, 143 (1st Cir. 2002); *U.S. v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856 (2d Cir. 1998); *In re Novak*, 932 F.2d 1397, 1407 (11th Cir. 1991); *In re LaMarre*, 494 F.2d 753, 756 (6th Cir. 1974); *but see In re Stone*, 986 F.2d 898, 905 (5th Cir. 1993) (holding that a district court abused its discretion in that case when it required a representative of the government to be present at all pretrial or settlement conferences). When a representative does not appear, a court does not abuse its discretion in

---

[1] In his objection, Dupont states that the magistrate judge relied upon *Heileman I*. Obj. 3, ECF No. 118. However, the magistrate judge actually cited to *Heileman II*. R. & R. 9, ECF No. 114. Additionally, while Dupont contends that *Heileman I* can also be distinguished from this case, he never presents the Court with an analysis showing how it is distinguishable or how it being distinguishable would be helpful to his case.

sanctioning the appropriate party. *Heileman II*, 871 F.2d at 655–57 (holding that a district court did not abuse its discretion by imposing sanctions for violation of a court order requiring a corporate representative to attend a pretrial settlement conference); *see also In re LaMarre*, 494 F.2d at 756 (holding that a district court had the power to enforce a court order to attend a pretrial conference through contempt proceedings). For example, in *Lockhart*, the court went so far as to strike the defendant's pleadings as sanction for failure to attend a settlement conference. 115 F.R.D. at 46.

Thus, this Court disagrees with Dupont and finds that the magistrate judge relied upon the applicable case law. Moreover, the magistrate judge correctly applied the law here. The magistrate judge properly ordered the parties to attend the settlement conference. Nov. 10, 2015 Order, ECF No. 99. The language from the addendum to the order, requiring Dupont to personally attend, was clear. *See id.* The order notified Dupont that he could be sanctioned for failure to appear. *Id.* Dupont failed to appear at the settlement conference. Settlement Report, ECF No. 107. Dupont admits that his failure to participate in the settlement conference in person was an error on his part. Def.'s Resp. Opp. Mot. Sanctions 1, ECF No. 111. But Dupont offers no satisfactory explanation for his failure to appear. Therefore, Dupont's argument that sanctions are unwarranted given circuit precedent as applied to his circumstances fails.

Second, Dupont argues that the sanction imposed "would be unjust due to the disproportionate consequence to Dupont in the broader context of the thin legal merit of the claims made against him." Obj. 2–3, ECF No. 118. Dupont asserts that the only claims made against him are for quantum meruit/unjust enrichment. *Id.* at 4. He argues that imposing sanctions would "serve as an injustice" because there is a complete defense available to him according to Kentucky law. *Id.* The magistrate judge did not address this argument in his report

and recommendation. In Ware's response, it argues that the "imposition of a fine . . . will not affect Dupont's ability to defend against this action, and is not related to the strength of his alleged defenses." Pl.'s Resp. Obj. 3, ECF No. 119.

This matter is not before the Court on its merits: this matter is before the Court on a motion for sanctions because Dupont violated a court order. The strength or weakness of Dupont's defense is irrelevant for the purposes of deciding this motion. "[S]anctions have a legitimate deterrent and punitive purpose." *PepsiCo v. Central Inv. Corp., Inc.*, 216 F.R.D. 418, 421 (S.D. Ohio 2002) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980)). A litigant that violates a court order must expect to be sanctioned for such conduct.

Dupont alternatively asks this Court to stay the imposition of a sanction "to allow him the opportunity to seek a dismissal of the claims made against him," at which point Dupont would request that the sanction be rescinded. Obj. 5, ECF No. 118. As this Court has discussed above, the recommended sanction exists independently of the merits of the case. Rather, it is a punishment for failure to obey the court's order. The recommended sanction would serve to deter future litigants from disobeying court orders and would punish Dupont for failing to appear at the court-ordered settlement conference. Thus, this Court is not convinced to grant Dupont's request.

Dupont also asks this Court to allow him to satisfy the monetary sanction through ten monthly payments. Obj. 5, ECF No. 118. Dupont submits that he has expended a great deal of his resources in a separate judgment in a California court. *Id.* This Court finds that the magistrate judge's recommendation of a $2,500.00 sanction is an appropriate amount of money to serve as punishment for failure to comply with the Court's settlement conference order. Dupont is free to

make private arrangements for financing, but it does not fall upon the Court to provide such financing. Thus, this Court declines to grant this request.

V.  Conclusion

After de novo review of the substance behind Dupont's objections to the magistrate judge's report and recommendation, the Court concludes that sanctions are necessary. The Court will overrule Dupont's objections to the magistrate judge's report and recommendation. The Court will accept the report and recommendation in full. The Court will grant in part and deny in part Ware's motion for sanctions by striking the Weisman Defendants' answers and rendering default judgment against them and by imposing a $2,500.00 sanction against Dupont for failure to comply with the Court's settlement conference order. The Court will enter an order in accordance with this memorandum opinion.

January 26, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

11